# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| CATHY ENWERE, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:16-CV-3455-M-BH |
| ) | |
| WALMART STORE, ) | |
|     Defendant. ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this *pro se* case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for lack of subject matter jurisdiction.

## I. BACKGROUND

On December 20, 2016, the plaintiff filed this action *in forma pauperis* (IFP) against the defendant. (*See* docs. 3, 5, 6.) She contends that she was injured when an employee of the Walmart store in Terrell, Texas, intentionally rammed grocery carts into her. (*See* doc. 3 at 1.)[1] After watching video footage of the incident, the store manager allegedly took full responsibility for the incident. (*Id.* at 1-2; doc. 16 at 1.[2]) The plaintiff claims that the store manager and a claims representative agreed not to fight the claim and made a binding verbal contract with her to pay the medical bills for her injuries. (doc. 3 at 2-3 doc. 16 at 1, 3.) The store manager and claim representative were subsequently transferred out of the store, and Walmart then refused to pay her medical bills. (doc. 3 at 2-3 doc. 16 at 1, 2.) The plaintiff sues for breach of contract and fraud, and she seeks $33,000 in damages on her contract claim plus $7,000 in damages for the fraud claim.

---

[1] Citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] The plaintiff's answers to the questionnaire constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

(doc. 3 at 2-4; doc. 11 at 2-3, 5; doc. 16 at 1, 3.)  No process has been issued.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction". *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  Courts have "a continuing obligation to examine the basis for jurisdiction" and may *sua sponte* raise the issue at any time.  *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999).  The party seeking the federal forum has the burden of establishing federal jurisdiction.  *Howery*, 243 F.3d at 916.  Fed. R. Civ. P. 12(h)(3) requires dismissal of a case if a federal court determines that it lacks subject-matter jurisdiction.

Here, the plaintiff's causes of action against the defendant for breach of contract and fraud arise solely under state law.  She neither identifies nor asserts any federal causes of action against the defendant, nor makes any allegation to support any federal cause of action against it.  Federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332.

Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a).  Complete diversity "does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978) (emphasis in the original).  As the party seeking to invoke federal jurisdiction in this case,

2

the plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991).

Here, the plaintiff does not allege that the defendant is a resident of another state. She has also failed to allege that the amount in controversy exceeds the jurisdictional limit for purposes of diversity jurisdiction, since her estimated damages do not exceed $40,000.00. Her claims are therefore subject to dismissal for lack of subject matter jurisdiction.

### III. RECOMMENDATION

Plaintiff's claims should be **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

**SO RECOMMENDED on this 1st day of March, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE